IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:09-CV-134-BO

| | | |
|---|---|---|
| JULIE HELMS LANCASTER AND BRANNON C. LANCASTER, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | O R D E R |
| SUNTRUST MORTGAGE, INC., AND ALL OTHER PERSONS CLAIMING ANY EQUITABLE RIGHT, TITLE, ESTATE, LIEN, OR INTEREST IN THE PROPERTY DESCRIBED IN THE COMPLAINT ADVERSE TO PLAINTIFF'S CLAIMS, | ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on Plaintiffs' Motion for Summary Judgment and Defendant Suntrust Mortgage's Motion for Summary Judgment, or in the Alternative, Motion to Dismiss. The Plaintiffs' Motion is DENIED and the Defendant's Motion to Dismiss is GRANTED.

## FACTS

The facts are undisputed. Plaintiffs executed a note and deed of trust securing the repayment of a $960,000 loan from Suntrust Mortgage, Inc. ("Suntrust"). The mortgage was secured by the real property located at 816 Forest Hills Drive in Wilmington, North Carolina ("the Property"). Suntrust recorded the deed of trust with the register of deeds in New Hanover County, North Carolina. The Deed of Trust named Mortgage Electronic Registration Systems

("MERS") as the beneficiary of the Deed of Trust solely as nominee for the Lender, SunTrust.

Shortly after the closing, the Note and Deed of Trust were sold to Bank of America. Although SunTrust is not longer the owner of the note or of the security interest in the property, Suntrust currently services the loan pursuant to a servicing agreement with Bank of America. Suntrust also has limited power of attorney for Bank of America in this matter.

Suntrust commenced foreclosure proceedings against the Property on July 6, 2009. But Suntrust voluntarily dismissed that action without prejudice upon admitting that it was not the holder of the note. Although Plaintiffs have not made a mortgage payment since October 2008, no foreclosure action is currently pending.

Plaintiffs originally brought this action pro se in New Hanover County Superior Court. On August 24, 2009, this matter was removed to Federal Court. Plaintiffs obtained counsel and filed an amended complaint on February 1, 2010.

In the Amended Complaint filed in this action, Plaintiffs sought statutory damages against SunTrust pursuant to the Truth in Lending Act (the "TILA") and rescission of the loan transaction pursuant to the TILA. In addition, the Plaintiffs sought a declaratory judgment as to the interests the Plaintiffs and Defendants have in the Property. Finally, Plaintiffs, through a claim titled "Quiet Title Action," have asked this Court to make a determination that they hold title to the Property in fee simple and that SunTrust has no rights in the Property. Plaintiffs subsequently dismissed their TILA claims (Doc. #27), and on May 11, 2010, this Court dismissed Plaintiffs' declaratory judgment claim. (Doc. #29). Therefore, all that remains of Plaintiffs' Amended Complaint is a quiet title claim.

## DISCUSSION

Plaintiffs have not stated a valid quiet title action.

"An action [to quiet title] may be brought by any person against another who claims an estate or interest in real property adverse to him for the purpose of determining such adverse claims." N.C. Gen. Stat. § 41-10. The purpose of the statute creating a cause of action to quiet title is to "free the land of the cloud resting upon it and make its title clear and indisputable, so that it may enter the channels of commerce and trade unfettered and without the handicap of suspicion ...." Resort Development Co., Inc. v. Phillips, 278 N.C. 69 (1971) (quoting Christman v. Hilliard, 167 N.C. 4,8,82 S.E. 949, 951 (1914)). "'A cloud upon title is, in itself: a title or encumbrance, apparently valid, but in fact invalid.'" York v. Neman, 2 N.C.App. 484, 488 (1968) (quoting McArthur v. Griffith, 147 N.C. 545, 549,(1908)).

Plaintiffs' quiet title action is dismissed. The purpose of a quiet title claim is to free the land of a cloud resting upon it, not for the Court to determine who can enforce a valid encumbrance. Here, Plaintiffs do not allege that the lien on their property is invalid. Plaintiffs are also not asking the Court to free the Property from a cloud on title so the Property can "enter the channels of commerce and trade unfettered and without the handicap of suspicion." Rather, Plaintiffs are requesting the Court order that SunTrust does not have the right to enforce an undisputed valid encumbrance on the Property. Stated more broadly, the Plaintiffs are asking the Court to declare that a servicer cannot cause foreclosure proceedings to be initiated on behalf of the owner of a security interest in a piece of property.

Because Plaintiffs are not seeking to remove an invalid encumbrance from the Property, and in fact admit to the validity of the encumbrance, the action is dismissed for failure to state a

claim.

## CONCLUSION

Defendant's Motion to Dismiss is GRANTED.

SO ORDERED, this 23 day of July, 2011.

*Terrence W. Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

-4-